**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO
The Honorable Michael E. Romero**

| | |
|---|---|
| In re:<br><br>CHARLOTTE MARIE MYRTLE<br><br>    Debtor. | Case No. 19-12059 MER<br><br>Chapter 7 |

**ORDER**

THIS MATTER comes before the Court on the Motion for Relief from the Automatic Stay[1] filed by King of Freight, LLC ("**KOF**") and the Debtor Charlotte Myrtle's ("**Debtor's**") objections thereto.

Debtor commenced this bankruptcy case on January 21, 2019 ("**Petition Date**"). Previously, on April 23, 2018, the Eighteenth Judicial District Court for Sedgwick County, Kansas ("**Kansas Court**") entered judgment against Debtor in favor of KOF for $253,747 plus attorneys' fees. The Kansas Court also entered a permanent injunction barring Debtor from further violating her pre-petition non-compete agreement with KOF ("**Injunction**").

For the reasons stated on the record at the final evidentiary hearing on the Stay Relief Motion held on June 6, 2019, the Court GRANTS the Stay Relief Motion as follows:

1.  The automatic stay is modified to allow KOF to proceed with Sedgwick County, Kansas Case No. 2017-CV-002688-CE solely to determine whether Debtor violated or is violating the Injunction and to liquidate any monetary damages or sanctions incurred as a result.

2.  If the Kansas Court awards damages against Debtor for violating the Injunction, this Court respectfully requests the Kansas Court separately liquidate the amount of damages accrued within three distinct time periods: 1) damages accruing prior to entry of the Injunction; 2) damages accruing after the Injunction but before the Petition Date; and 3) damages accruing after the Petition Date. This will enable this Court to efficiently administer the resulting claims in a dischargeability action presently before this Court.

---

[1] ECF No. 9 ("**Stay Relief Motion**").

      3.    Nothing in this Order modifies the automatic stay for any purpose not expressly specified herein. For the avoidance of doubt, and without limiting the foregoing, the automatic stay remains in effect as to any action to collect damages or sanctions from Debtor for violations of her agreements with KOF or for violations of the Injunction, whether accruing before or after the Debtor's bankruptcy filing. This prohibition includes, without limitation, applications for writs of execution or garnishment and imposition of liens.

      SO ORDERED.

Dated July 9, 2019                        BY THE COURT:

                                                  Michael E. Romero, Chief Judge
                                                  United States Bankruptcy Court